**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4259

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALVIN EUGENE MCSWAIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:05-cr-00079)

Submitted: October 31, 2006          Decided: December 1, 2006

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(2) (West 2000 & Supp. 2006), Alvin Eugene McSwain was sentenced to ninety-six months in prison. McSwain timely appealed. McSwain's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious grounds for appeal, but questioning the validity of McSwain's conviction on the ground that the firearm McSwain possessed was inoperable and questioning the reasonableness of McSwain's sentence. McSwain was notified of his right to file a pro se supplemental brief but did not file one.

McSwain first asserts that his conviction under § 922(g)(1) is invalid because the pistol he possessed was missing a firing pin and therefore was inoperable. However, it is well established that a weapon does not have to be operable to qualify as a firearm under § 922(g)(1). United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993); see also United States v. Brown, 117 F.3d 353, 355-56 (7th Cir. 1997).

Next, McSwain argues that the district court erred by imposing a sentence at the top of the guideline range. Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness. A sentence imposed within the properly calculated guideline range is

presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

McSwain asserts that the sentence imposed by the district court is unreasonable because he contends that the trial court failed to take into consideration the special circumstances of his case, as required by 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). A sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise and is not required to explicitly discuss each § 3553(a) factor. United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (dealing with denial of motion to reduce sentence); see also United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659), and United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that "nothing in Booker requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

In imposing McSwain's sentence, the district court stated that it had considered the arguments of both the defense and the government and concluded that McSwain's long and violent criminal history and the nature of the instant offense justified a sentence at the top of the guideline range. Because the district court adequately explained the basis for its sentencing decision, we find the resulting ninety-six-month sentence to be reasonable. See

United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); Green, 436 F.3d at 457.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McSwain's conviction and sentence. This court requires that counsel inform McSwain, in writing, of the right to petition the Supreme Court of the United States for further review. If McSwain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McSwain.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED