<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5205**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY ANTHONY CONNIE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-93-110)

---

Submitted: November 30, 2006      Decided: January 3, 2007

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Anthony Connie appeals the district court's order imposing the statutory maximum sentence of sixty months of imprisonment upon the revocation of his term of supervised release. Although Connie does not contest the revocation on appeal, he maintains that the district court's sentence was unreasonable because the court failed to provide an explanation for imposing the statutory maximum sentence which was a significant departure from the Chapter Seven policy statement range. Connie also argues the court's sentence was premised on an improper calculation of the policy statement range because one of the stated violations for which he was found guilty, felony possession of cocaine, does not qualify as a Grade A violation. For the reasons that follow, we affirm Connie's sentence.

Because Connie did not object to the district court's failure to articulate the reasons for its sentence, its policy statement range calculations, or the sentence imposed, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Connie must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness,

- 2 -

integrity or public reputation of judicial proceedings."  Id. at 736 (internal quotation marks omitted).

We find Connie's first argument, that the district court erred in failing to give reasons for imposing the statutory maximum sentence, without merit.  In United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), we agreed with the Second Circuit's statement in United States v. Lewis, 424 F.3d 239 (2d Cir. 2005), that "a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines* that were, before [United States v.]Booker, [543 U.S. 220 (2005),] considered to be mandatory."  Crudup, 461 F.3d at 439 (quoting Lewis, 424 F.3d at 245).  We have also held that a sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise, and that it need not specifically address each factor.  United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (dealing with denial of motion to reduce sentence); see also United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) ("district court need not explicitly discuss every § 3553(a) factor on the record"), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659).

In this case, the district court stated that it considered the policy statements under Chapter Seven of the

sentencing guidelines. The record further reveals that the court considered Connie's children's situation as well as Connie's work situation. Moreover, the court had previously modified the terms of Connie's supervised release which supports a sentence of imprisonment above the policy statement range. See 18 U.S.C.A. § 3553(a)(2)(B) (West 2000 & Supp. 2006) (listing affording adequate deterrence to criminal conduct as factor to be considered). Last, the probation officer informed the court that it could consider the fact that it had previously reduced Connie's sentence pursuant to Fed. R. Crim. P. 35 as an adequate basis to sentence Connie above the policy statement range. See U.S. Sentencing Guidelines Manual § 7B1.4, p.s., comment. (n.4) (2004). Given the court's stated consideration of the factors and the adequate support in the record for the court's decision to sentence Connie above the policy statement range, we find that Connie can show no plain error in this regard. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (district court need not explicitly reference § 3553 or discuss every factor on the record).

With respect to the calculation of the policy statement range, the Government concedes on appeal that felony possession of cocaine does not qualify as a Grade A violation and is instead a Grade B violation. The Government further concedes that, based on a Grade B violation and a category III criminal history, Connie's advisory policy statement range should have been eight to fourteen

months of imprisonment.  While the Government admits that the incorrect calculation of the policy statement range was plain error, it argues that Connie's substantial rights were not affected by the error.

We find that, while the district court erred in its guideline calculation, as conceded by the Government, Connie cannot show that the error violated his substantial rights.  It is well established that, in contrast to original sentences, district courts are given broad discretion to impose statutory maximum revocation sentences.  Crudup, 461 F.3d at 439 & n.8.  "The risk of a district court imposing an overly aggressive term of imprisonment is greatly reduced in the revocation sentence context."  Id. at n.8.

In United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), employing a plain error analysis, this court held that treating the sentencing guidelines as mandatory was error under Booker and that the error was plain.  Id. at 216-17.  However, with respect to the substantial rights inquiry, this court found that the statutory error of sentencing White under a mandatory guidelines regime did not warrant a presumption of prejudice and required White to show actual prejudice in order to establish his substantial rights had been affected, i.e., the error must have affected the outcome of the district court proceedings.  Id. at 217, 224.  We further noted

that, under plain error review, the burden rests with the defendant rather than the Government to prove that the error affected his substantial rights. Id. at 223. We concluded that "the record as a whole provides no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

We find that Connie fails to show that his substantial rights were affected because he fails to show actual prejudice in the district court's imposition of the statutory maximum sentence upon revocation of supervised release based on an incorrectly calculated policy statement range. Connie cannot show any substantial likelihood that his sentence would have been any different had the district court computed a lower advisory policy statement range of imprisonment. In fact, here, the district court determined that a sentence within the range of thirty to thirty-seven months of imprisonment was insufficient and, therefore, it imposed the statutory maximum. Connie does not point to any non-speculative basis for concluding that the district court would not have arrived at the same sentence had it started at a lower range. Because Connie fails to show his substantial rights were affected, we conclude that he cannot establish plain error in the district court's erroneous computation of the policy statement range. See United States v. Brothers Constr. Co, 219 F.3d 300, 320 (4th Cir.

2000) (rejecting claim that the imposition of a sentence under an improper guideline range necessarily affects a defendant's substantial rights and requiring actual prejudice based on district court's improper calculation of fine range).

Accordingly, we affirm Connie's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED