**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bryant LEGREE, Defendant–Appellant.**

**No. 97–4846.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 30, 1999

Decided March 8, 2000

---

**ARGUED:** Robert L. Jacobson, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Appellant. Mary Gordon Baker, Columbia, South Carolina, for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, Ashley N. Bailey, Student Counsel, Christopher G. Green, Student Counsel, Berna M. Lee, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Appellant. J. Rene Josey, United States Attorney, Cameron G. Chandler, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Before WIDENER and TRAXLER, Circuit Judges, and WILSON, Chief United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by published opinion. Judge TRAXLER wrote the majority opinion, in which Judge WIDENER joined. Chief Judge WILSON wrote a dissenting opinion.

**OPINION**

TRAXLER, Circuit Judge:

Bryant Legree ("Legree") appeals from the district court's denial of his motion for sentence reduction. He alleges the district court erred in two respects: (1) by failing to conduct a two-part analysis of his motion on the record, and (2) by not holding a hearing and appointing counsel to assist with the motion. We affirm.

**I.**

On July 16, 1993, a jury convicted Legree on one count of conspiracy to possess with intent to distribute cocaine base, *see* 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999), three counts of possession with intent to distribute and distribution of cocaine base, *see* 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999), and one count of unlawful possession of a firearm, *see* 18 U.S.C.A. §§ 922(g)(1) (West Supp.1998), 924(a)(2) (West Supp.1998). The district court, with some minor modifications, adopted the findings of the presentence report concerning drug amounts. Under the then-applicable Drug Quantity Table, at least five kilograms but less than fifteen kilograms of cocaine base yielded a base offense level of 40. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(2) (1992).[1] Under U.S.S.G. § 2D1.1(b)(1), Legree received a two-point enhancement for firearms possession, and another two-point enhancement under U.S.S.G. § 3B1.1(c) for his leadership of the drug distribution conspiracy. Though the Guidelines calculation produced a total offense level of 44, the court of necessity applied level 43, the maximum set forth in the Sentencing Table. *See* U.S.S.G. Applic. Note 2., Ch.5, Pt. A. Legree's criminal history was category III and the district court sentenced him to life imprisonment as mandated by the Guidelines. *See* U.S.S.G. Ch.5, Pt. A (Sentencing Table).

---

1. The record indicates that the district court used the 1992 edition of the Guidelines when sentencing Legree. Unless otherwise stated, all references to the Guidelines in conjunction with original sentencing refer to the 1992 edition.

At the sentencing hearing, Legree's counsel objected to some of the drug quantity estimates before turning to Legree's personal history. Counsel requested that the court reduce Legree's sentence "to less than life," but the court explained that the Sentencing Guidelines mandated a life sentence. J.A. 100. Though clearly concerned, the court then sentenced Legree to life imprisonment and described the punishment as "a terrible thing for a man 29 years old." J.A. 100–01. Legree's sentence was affirmed on appeal. *See United States v. Johnson,* No. 93–5845(L), 1995 WL 81672 (4th Cir.1995) (per curiam) (unpublished).

On November 1, 1994, the United States Sentencing Commission adopted Amendment 505 to the Sentencing Guidelines, reducing the maximum base offense level dictated by the Drug Quantity table from level 42 to level 38. Had Amendment 505 been in place when Legree was sentenced, his total offense level would have been calculated at 42, thus giving the district court discretion to impose a sentence from 360 months to life imprisonment. Under U.S.S.G. § 1B1.10 (1998), the Commission provided that Amendment 505 would be retroactive, making defendants such as Legree eligible for sentence reduction.

Pursuant to 18 U.S.C.A. § 3582(c)(2) (West Supp.1999), Legree filed a motion for sentence reduction on April 24, 1996. In September of the following year, Legree petitioned this court for a writ of mandamus, alleging delay in the district court. While we were considering the matter, the district court ruled on Legree's motion and declined to reduce Legree's sentence. We thereafter denied the mandamus petition on grounds of mootness. *See In re Legree,* No. 97–718, 1997 WL 777030 (4th Cir.1997) (per curiam) (unpublished). After the district court denied Legree's motion to reconsider, this appeal followed.

## II.

Legree made his motion for reduction of sentence under 18 U.S.C.A. § 3582(c)(2), which permits a district court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c)(2) is discretionary and instructs the court to "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable."

■ As an initial matter, the government argues that 18 U.S.C.A. § 3742 (West 1985 & Supp.1999) does not authorize an appeal of the district court's discretionary decision regarding reduction of Legree's sentence. *See United States v. Lowe,* 136 F.3d 1231, 1233 (9th Cir.), *cert. denied,* 525 U.S. 972, 119 S.Ct. 425, 142 L.Ed.2d 346 (1998); *see also United States v. Porter,* 909 F.2d 789, 794 (4th Cir.1990). Section 3742(a)(1) permits an appeal by a defendant if his sentence "was imposed in violation of law." We believe that the government's characterization of the petition for review misconstrues the true nature of Legree's position. At base, Legree asserts that the district court ignored constraints found in the Guidelines and case law when it denied the motion for sentence reduction. He asks that we remand and instruct the district court to conduct a two-prong analysis and articulate on the record the precise reasons for its disposition of the motion, a procedure he argues the law requires. Because Legree alleges his motion was decided "in violation of law," we conclude there is jurisdiction under 18 U.S.C.A. § 3742(a)(1). *See United States v. Turner,* 59 F.3d 481, 483–84 (4th Cir. 1995) (recognizing that the application of a retroactive amendment is discretionary, but undertaking review when district court denied § 3582(c) motion based on an erroneous legal interpretation of amendment's effect on the weight calculation for quantities of liquid LSD).

## A.

■ Legree first argues that the district court erred by neglecting to undertake a two-prong analysis on the record

when considering the motion for reduction of sentence. We review this question of law de novo. *See United States v. Bacon*, 94 F.3d 158, 161 (4th Cir.1996); *Turner*, 59 F.3d at 484. According to Legree, the district court was required to (1) state on the record the sentence it would have imposed had Amendment 505 been in place when Legree was originally sentenced, and (2) address on the record the factors enumerated in 18 U.S.C.A. § 3553(a) (West 1985 & Supp.1999).

Legree infers the necessity of a two-prong analysis from U.S.S.G. § 1B1.10(b) and 18 U.S.C.A. § 3553(a). Section 1B1.10(b), in pertinent part, provides:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced....

U.S.S.G. § 1B1.10(b). And the familiar § 3553(a) lists factors a court imposing a prison sentence must consider.[2] After describing Legree's motion, recounting the history of Amendment 505, and observing that a court is not required to reduce a sentence under the Amendment, the district judge denied the motion.

At oral argument, counsel for Legree conceded that section 1B1.10(b) of the Sentencing Guidelines does not specifically require application of the proffered two-part analysis by the court on the record, and instead appealed to case law outside this circuit. While we recognize that other circuits have adopted this procedure, *see, e.g., United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 888, 142 L.Ed.2d 786 (1999); *United States v. Wyatt*, 115 F.3d 606, 609 (8th Cir.1997), we respectfully disagree with the necessity and utility of this method. In analogous situations, we have held that "[a] court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if ... the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." *United States v. Davis*, 53 F.3d 638, 642 (4th Cir.1995) (dealing with district court's alleged failure to consider policy statements of Sentencing Guidelines when revoking supervised release); *see also United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (holding that in non-departure cases there is a presumption, absent a "contrary

---

**2.** According to the statute, a court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of

defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a).

indication," that a district court considered the factors enumerated in 18 U.S.C.A. § 3553(a)). We believe that the presumption found in *Davis* and *Johnson* applies equally to motions made pursuant to § 3582(c)(2). To hold otherwise would transform this aspect of sentencing into a "hyper-technical exercise devoid of common sense," a result not intended by the adoption of the Guidelines. *Johnson*, 138 F.3d at 119.

■ Legree attempts to distinguish *Davis* and *Johnson* by arguing that issues in those cases were fully presented, while Legree never fully presented support for his motion. We disagree. The district judge presided over the trials of Legree and his co-conspirators as well as the sentencing hearing. During sentencing, the district judge patiently listened to counsel's request that Legree be given less than life imprisonment. Counsel discussed Legree's military service, employment history, and the fact that no drugs were found in his home. The district judge also reviewed the presentence report. The report contained personal information and portions of interviews in which Legree was described as a good father and a good student. Moreover, when Legree submitted his motion for reduction of sentence he could have offered additional mitigating circumstances, but declined to do so. Based upon the district judge's intimate familiarity with Legree's case and the mitigating circumstances presented at Legree's original sentencing, we conclude the matter was adequately presented to the district judge.

■ Legree also contends that the district judge's palliative comments at the original sentencing are a "contrary indica-

tion" under *Johnson*, and thus the presumption does not apply in the present case. *See Johnson*, 138 F.3d at 119. Again, we disagree. In the order denying Legree's motion, the district judge stated that he had contemplated the matter and confirmed that Legree's original sentence ought not be reduced. In light of this subsequent deliberation, we conclude that the comments made at the original sentencing are insufficient to overcome the normal presumption of due consideration of sentencing factors.

Accordingly, we reject Legree's contention that the district court erred by neglecting to undertake a two-prong analysis on the record when considering the motion for reduction of sentence.[3]

### B.

■ Legree next argues that the district court denied him due process by not holding a hearing and appointing counsel to represent him on the motion for reduction of sentence. We review the alleged denial of due process de novo. *See Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1294 (4th Cir.1992). Legree admits as a general matter that there is no right to a hearing and assistance of counsel on a motion for reduction of sentence. *See, e.g., United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, —— U.S. ——, 120 S.Ct. 535, 145 L.Ed.2d 415 (1999); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir.1995). However, Legree asserts that considerations of fundamental fairness required a hearing and appointment of counsel in the present case because there was no incentive to develop mitigating factors at the original sentencing hearing.

**3.** Similar to his argument concerning the two-part analysis, Legree contends that the district court erred because it did not state on the record with sufficient specificity its reasons for denying the motion. Specifically, Legree argues that "[b]ecause the district court must perform a special analysis before denying a § 3582 motion for reduction of sentence, the requirement that the court give reasons for its decision is even more compel-

ling here." Appellant's Brief at 21. Again, the crux of Legree's contention is that the district court had to reference the relevant portions of the Guidelines and the United States Code. Because we have held that the general rule of *Davis* and *Johnson* applies to motions made pursuant to § 3582(c)(2), the order denying Legree's motion comports with the law of this circuit. No greater specificity was required.

It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, *see Gagnon v. Scarpelli,* 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Legree's motion for reduction of sentence does not fit into this category. A motion pursuant to § 3582(c) "is not a do–over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *Tidwell,* 178 F.3d at 949.

Furthermore, a judge need not hold a hearing when considering a § 3582(c) motion. *Id.* An amendment to the Federal Rules of Criminal Procedure, enacted in 1998 while Legree's appeal was pending, now makes this abundantly clear. According to Rule 43(c)(4), a defendant's presence is not required "when the proceeding involves a reduction or correction of sentence under ... 18 U.S.C. § 3582(c)."

Legree contends that the motion for reduction of sentence was in essence his first opportunity to present mitigating factors. Upon review of the record, we reject this assertion. At the original sentencing Legree's attorney beseeched the court to award something less than life in prison and called to the court's attention Legree's military service, employment history, and the fact no drugs were found in his home. The presentence report also described Legree's personal history and contained mitigating information. Legree does not allege ineffective assistance of counsel or irregularities in the sentencing process, and he points to no mitigating evidence which was not before the sentencing court. Considering the mitigating factors presented at the original sentencing hearing and the district court's familiarity with Legree and his co-conspirators, we conclude that fundamental fairness did not require a hearing and appointed counsel to assist Legree with his motion for sentence reduction.

III.

For the foregoing reasons, we conclude that the district court did not err in its consideration of Legree's motion for sentence reduction, nor in its refusal to appoint counsel and conduct a hearing.

*AFFIRMED*

WILSON, Chief District Judge, dissenting in part:

In *United States v. Johnson,* 138 F.3d 115, 118 (4th Cir.1998), this court held that a reviewing court should "presume, in non-departures, *unless some contrary indication exists,* that a district court properly considered" statutory sentencing factors. *Johnson,* 138 F.3d at 119 (emphasis added). In my view, this is one of the rare cases where a "contrary indication" in the record signals that the district judge may not have considered the pertinent factors. At Legree's original sentencing hearing, Judge Simons expressed particular discomfort with imposing a mandatory life sentence and indicated that, if he had the discretion, he would have imposed a lesser sentence:

> [u]nder the facts as they are set forth in the presentence report, I don't think I have any choice but to impose what the Guideline says and that is a life sentence.... I really never have been too happy with these Guidelines, but as long as I am operating as a judge, I have to accept them.... I surely feel this is a terrible thing for a man twenty-nine years old to be sent to prison for life without parole.... Maybe [the Fourth Circuit] can find some way to do something about this life sentence.

J.A. 100–101, 103. Approximately four years later, on September 29, 1997, Judge Simons denied Legree's motion for a reduction of sentence in an order which reads, in its entirety, as follows:

This court concludes that Amendment 505 does not create a mandatory right to reduction of sentence for defendant. On consideration of the matter, this court concludes that defendant's sentence was correct and that no reduction is appropriate.

J.A. 50. The contrast between these two pronouncements is striking, and it leaves me with the troubling notion that there has been an oversight. I would therefore reverse and remand with instructions to the district court to address Legree's motion after reviewing the original sentencing hearing record.

In all other respects, I fully agree with the majority's reasoning and decision.