**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4719**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE EMERY ROY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-05-20)

———————

Submitted: March 29, 2006       Decided: May 11, 2006

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Sara E. Flannery, Assistant United States Attorneys, Christopher M. Kelly, Third-Year Law Student, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lawrence Emery Roy pled guilty to Count One of a superseding indictment that charged him with operating a motor vehicle after having been adjudicated a habitual offender in violation of 18 U.S.C. § 13 (2000), assimilating Va. Code Ann. § 46.2-357 (West 2006). He was sentenced to the statutory maximum term of five years imprisonment. Roy appeals his sentence, arguing that the court erred in giving him the maximum sentence without considering the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005),[*] or the need to avoid disparity in sentencing. We affirm.

---

[*]18 U.S.C.A. § 3553(a) provides in part that in determining the sentence the court shall consider:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2)   the need for the sentence imposed:

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a)(1), (2).

Following the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), we review sentences for reasonableness. Roy contends that the district court failed to explain adequately its reasons for imposing the maximum statutory sentence. He argues that it was error for the district court not to address the mitigating evidence about his offense that he presented to the court, and not to address the principles of proportionality and avoidance of disparity in sentencing. However, this court has held that a sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise, and that it need not specifically address each factor. <u>United States v. Legree</u>, 205 F.3d 724, 728-29 (4th Cir. 2000) (dealing with denial of motion to reduce sentence); <u>see also</u> <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that "nothing in <u>Booker</u> requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). We have reviewed the court's statement of its reasons for imposing the maximum sentence and conclude that it adequately considered the § 3553(a) factors.

We find no merit in Roy's claim that his sentence is unreasonable, disparate, or greater than necessary to achieve the purposes of sentencing because Virginia has "eliminated adjudication of habitual offenders." The 1999 change to the Va.

Code altered, but did not eliminate, Virginia's policy of prosecuting those who commit serious traffic violations, and the legislation provided saving provisions for the penalties to be imposed on those previously convicted as habitual offenders for having accumulated such violations.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED