**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4679

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS M. TULLY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:06-cr-0005-SGW)

Submitted: December 14, 2006    Decided:  December 19, 2006

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roland M. L. Santos, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Roanoke, Virginia; Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas M. Tully appeals from the twenty-four month sentence imposed for violation of the terms of his supervised release. On appeal, Tully argues that the district court did not sufficiently address the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors in determining his sentence. He alleges that, instead, the court focused only on his extensive criminal history. Finding no error, we affirm.

Because Tully did not object to the determination of his sentence on 18 U.S.C.A. § 3553(a) grounds in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Tully must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

In United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. Nov. 3, 2006) (No. 06-7631), this court held that, after United States v. Booker, 543 U.S. 220 (2005), "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to

those § 3553(a) factors applicable to supervised release revocation sentences." 461 F.3d at 437 (footnote omitted). This court explained that it must first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences . . . ." Id. at 438. Should this court conclude a sentence is reasonable, it should affirm the sentence. Id. at 439. Only if a sentence is found unreasonable will this court "decide whether the sentence is plainly unreasonable." Id. This court emphasized that, although the district court must consider the Chapter 7 policy statements and the requirements of § 3553(a) and 18 U.S.C.A. § 3583 (West 2000 & Supp. 2006), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotations and citations omitted). The court also has held that a sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise and that it need not specifically address each factor. United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (dealing with denial of motion to reduce sentence); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating that district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record").

Although the record does not indicate whether the district court considered the § 3553 factors applicable to revocations of supervised release, as provided in Crudup, the district court considered the probation officer's report and testimony, the violations Tully committed, his prior criminal history, argument by counsel, and Tully's statement to the court. The court sentenced Tully within the statutory maximum. Thus, we find no evidence that the district court's determination of Tully's sentence was plainly erroneous or plainly unreasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -