**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4557**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

TRACY CUTLIP,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:03-cr-00014-IMK)

─────────────

Submitted:  November 28, 2007        Decided:  December 20, 2007

─────────────

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Cutlip appeals her nine month sentence of imprisonment following revocation of her probation. Cutlip argues the district court erred in failing to provide her the opportunity to allocute before sentencing and that her sentence is plainly unreasonable. Finding no reversible error, we affirm.

Cutlip first contends she was not given an opportunity to be heard prior to sentencing. Under Fed. R. Crim. P. 32.1(b)(2)(E) (2000), a defendant at a revocation hearing is entitled to "an opportunity to make a statement and present any information in mitigation." The court gave Cutlip the opportunity to speak, and did so before the court imposed its sentence. Although the opportunity for Cutlip to personally address the court was not granted at the precise moment she requested it, acceding to her request when she made it would have interrupted an ongoing colloquy between the court and her counsel. We therefore find Cutlip's claim to be without merit.

Cutlip next argues her sentence was unreasonable. This court will affirm a sentence imposed after revocation of probation if it is within the prescribed statutory range and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation

sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the district court ultimately has "broad discretion" to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439 (citation omitted).

The court first considers whether the sentence imposed on revocation falls within the applicable statutory maximum and, if so, the court then considers whether the sentence is procedurally and substantively reasonable. Id. at 438-40. A sentence is procedurally reasonable if the district court considered the advisory guidelines range and the § 3553(a) factors that it is permitted to consider in a revocation case. 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed up to the statutory maximum. Id. Only if a sentence is found to be unreasonable will this court decide whether the sentence is plainly unreasonable. Id. at 438-40.

A sentencing court is presumed to have considered the § 3553(a) factors, unless otherwise indicated in the record, and it need not specifically address each factor. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record")

(internal quotations and citation omitted); <u>United States v. Legree</u>, 205 F.3d 724, 728-29 (4th Cir. 2000).

Cutlip's sentence was within the advisory guidelines range of three to nine months based on her Grade C violations and did not exceed the five-year statutory maximum for her original offense. <u>See</u> 18 U.S.C. § 1952(a)(3)(A) (2000). In imposing Cutlip's sentence, the district court stated it had considered "all of the statutory factors." The court thoroughly discussed during the revocation hearing and continuation hearing its reasoning for the sentence imposed. We find the nine month sentence, which was below the statutory maximum and within the non-binding guidelines range, was not unreasonable, let alone plainly so.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>