**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7630**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MAURICE EDGAR MCKENZIE, a/k/a Cappo, a/k/a Cappa, a/k/a
Richard Knight, a/k/a Emanuel Askew,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (9:97-cr-00032-SB-1)

Submitted:  February 5, 2009          Decided:  March 18, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Maurice  Edgar  McKenzie,  Appellant  Pro  Se.  Robert  Hayden
Bickerton,  Peter  Thomas  Phillips,  Assistant  United  States
Attorneys, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Edgar McKenzie appeals from the district court's order granting in part his 18 U.S.C. § 3582(c) (2006) motion for reduction of sentence based on the crack cocaine amendments to the Sentencing Guidelines. On appeal, McKenzie asserts that the district court failed to conduct a proper analysis of his motion. Because the district court's order contains insufficient reasoning to permit appellate review, we vacate and remand.

At sentencing, McKenzie's Guidelines range was calculated to be 262 to 327 months in prison. The district court sentenced him to 327 months imprisonment. In June 2008, McKenzie, through appointed counsel, filed the instant motion to reduce his sentence. McKenzie stated that application of the amendments would lower his Guidelines range to 210-262 months in prison. McKenzie requested a sentence of 210 months, and the Government consented.

The district court did not hold a hearing. Instead, the court granted the motion in part and entered a sentence of 262 months. The order contained no reasoning or explanation. The court merely stated that the "defendant is subject to a reduced sentencing range . . . . Therefore, it is hereby ORDERED that the previously imposed sentence of 327 months is reduced to 262 months."

2

We review the district court's decision to modify a sentence under an abuse of discretion standard. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000). In deciding whether to grant a motion to reduce sentence based upon a Guideline amendment, the district court must "consider[] the factors set forth in [18 U.S.C.] section 3553(a) [(2006)] to the extent that they are applicable" and must determine whether "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A district court need not engage in a "ritualistic incantation" in order to establish its consideration of the motion. Instead, it is presumed that the court considered the § 3553 factors, as well as the issues presented for determination, when issuing its ruling. Legree, 205 F.3d at 728-29.

We find that the circumstances of the instant case overcome the presumption that the court properly considered the statutory factors and other issues relevant to the motion, and we conclude that, under the specific facts of this case, the district court's failure to provide reasoning was an abuse of discretion. First, unlike in Legree, in this case, the Government agreed to the sentencing reduction sought by McKenzie. The parties jointly recommended a sentence over five years shorter than the one McKenzie received. The court did not hold a hearing and gave no reasons for granting the motion in

3

part, but rejecting the parties' recommendation of the appropriate sentence. While the parties' agreement was not binding on the district court, the court's reasons for rejecting the agreement are simply absent.

Second, the motion in Legree was denied; here, the motion was granted in part. One could logically conclude from the decision in Legree that the reasons underlying the original sentence remained the district court's reasoning. See 205 F.3d at 729. Here, however, the court clearly determined that the § 3553 factors merited a partial reduction in sentence; however, the court provided no insight into its thought process as to the appropriate reduction. Any determination by this court as to the basis of the district court's decision would be purely speculative.

Finally, while in both Legree and the instant case, the judge presiding over the § 3582 motion was the same judge as at the original sentence, the elapsed time in this case was significantly longer. In Legree, the time between the two events was approximately three years, see id. at 721-27, while in this case over nine years elapsed between sentencing and the § 3582 motion. It is not clear whether the judge, in considering McKenzie's § 3582 motion, recalled factors presented at the original sentencing. The original sentencing transcript is not included in the record on appeal, so it is also unclear

4

whether the court was even able to review it or how thoroughly McKenzie's background was initially examined.

Accordingly, we vacate the district court's order and remand the case for the district court to provide adequate reasoning for its decision.  We express no opinion on the length of an appropriate sentence.  We decline to address the merits of McKenzie's remaining claims on appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED