**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4428**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TROY WEST-BEY,

        Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:97-cr-00175-WDQ-3)

Submitted:  September 30, 2009     Decided:  November 6, 2009

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy West-Bey appeals the eight-month sentence he received after the district court revoked his supervised release. He argues that the sentence was plainly unreasonable because the district court failed to explain how the sentence satisfied the sentencing goals set out in 18 U.S.C. § 3553(a) (2006), did not identify a proper basis for the sentence, and prevented him from receiving the medical care he needed. We affirm.

West-Bey pled guilty in 1997 to conspiracy to distribute cocaine, served his federal sentence and began serving his supervised release term in April 2007. In October 2007, he was ordered to participate in a drug and alcohol treatment program. In March 2008, the district court considered new Maryland state charges for assault and disorderly conduct that West-Bey had incurred, but took no action because the state indefinitely stayed his case.

In July 2008, West-Bey was ordered to complete an inpatient drug treatment program. In January 2009, the district court considered his relapse into cocaine use, but took no action as he was about to begin an intensive drug treatment program. West-Bey subsequently violated the terms of his supervised release when he failed to attend his intensive drug treatment sessions on February 23, March 2, and March 4, 2009,

2

and also failed to submit to a random urinalysis test on March 2, 2009. Consequently, the probation officer filed a petition for revocation. West-Bey failed to appear at the scheduled hearing, and a warrant for his arrest was issued.

At the revocation hearing in April 2009, West-Bey admitted the four violations. The Chapter 7 policy statements established a sentencing range of 8-14 months. U.S. Sentencing Guidelines Manual, § 7B1.4(a) (2008). The government recommended a sentence of eight months imprisonment with no further supervision, asserting that West-Bey was uncooperative and unsupervisable. West-Bey asked for a one-month term of imprisonment, to be followed by a new term of supervised release. He maintained that his difficulties were caused by mental illness, and that he benefitted from supervision and wished to continue it. In addition, defense counsel informed the district court that West-Bey had recently been granted social security disability and medical benefits which he might lose if he received a sentence of more than one month, and would then be forced to reapply. However, counsel presented no concrete evidence that West-Bey would necessarily lose his benefits, and the district court expressed some uncertainty about it.

The court indicated that it was inclined to give West-Bey an eight-month sentence, which it hoped would "get his

attention." The court discussed West-Bey's mental problems and need for supervision and assistance during West-Bey's allocution, and then imposed an eight-month term of imprisonment and a new two-year term of supervised release.

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." Review of a revocation sentence involves both procedural and substantive considerations. Id. at 438. A sentence is procedurally reasonable if the court considered the Chapter 7 policy statements and the pertinent factors in § 3553(a). Id. at 440. It is substantively reasonable if the court stated a proper basis for its decision to impose the sentence. Id.

Here, the district court considered the Chapter 7 policy statements, that is, the sentencing range. Although the court did not refer to § 3553(a), it is apparent from the record that the district court considered the nature and circumstances of West-Bey's violations, the need to deter him from future criminal conduct (particularly drug and alcohol offenses and related misconduct), and his need for supervision. A sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise, and it need not

4

specifically address each factor. United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (addressing denial of motion to reduce sentence); see United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating a district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record") (internal quotations and citation omitted). Moreover, the Supreme Court has held that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments, "we do not believe the law requires the judge to write more extensively." Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2469 (2007).

West-Bey also contends that the district court committed substantive error by failing to state a proper basis for the sentence. He argues that the court provided no explanation for the sentence and that no applicable factors supported it. The court's only explanation for the eight-month sentence was its initial comment that it was prepared to accept the government's recommendation and its later statement that it hoped the sentence would get West-Bey's attention. West-Bey is correct that the court gave only the briefest explanation for its decision to impose an eight-month sentence instead of the

5

one-month sentence he requested.  This lack of specificity may constitute substantive error.

Even if West-Bey has identified a substantive error, the sentence was not "plainly unreasonable."  West-Bey claims that the sentence was plainly unreasonable because it was greater than necessary to satisfy the goals of sentencing under § 3553(a) and kept him from receiving in the most effective manner the medical care and other corrective treatment that he needed.  He also maintains that an eight-month sentence was disproportionate punishment for minor violations that occurred within a ten-day period.  However, his violations followed months of less-than-compliant behavior.  Moreover, the sentence was at the bottom of the Chapter 7 sentencing range, and far below the statutory maximum that the court had broad discretion to impose.  Crudup, 461 F.3d at 439.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED