**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4026**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RUFUS NEELEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, Chief District Judge. (2:09-cr-00016-jpj-1)

Submitted: March 23, 2011        Decided: April 1, 2011

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, W. Elliott Hunter, Third-Year Law Student, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufus E. Neeley pled guilty in the Eastern District of Tennessee in 2003 to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). Neeley was sentenced to eighty-seven months' imprisonment, followed by a three-year term of supervised release. The U.S. Court of Appeals for the Sixth Circuit affirmed Neeley's conviction and sentence in 2004.

Neeley requested to serve his term of supervised release in the Western District of Virginia upon his release from prison. The U.S. Probation Office in that district informed Neeley that it would not agree to accept his supervision unless he agreed to a modification of his supervised release terms to include the Tier III sex offender conditions set forth in the district court's Standing Order 07-01. Neeley agreed to the proposed modifications, but would not waive his right to a hearing on the proposed modifications. The district court held a hearing and upheld all of the Tier III conditions, except a curfew restriction and conditions limiting Neeley's use of a computer and other devices that could be used to access the Internet. Neeley appeals the district court's imposition of the new conditions.

On appeal, Neeley first claims that the district court was without authority to impose new terms of supervised release

2

after his supervision was transferred from Tennessee to Virginia. Because the district court's judgment in Tennessee, affirmed on appeal, did not include the sex offender conditions, Neeley contends the imposition of the new terms violated the law of the case and the Sixth Circuit's mandate, and the district court's action does not fit within any of the recognized exceptions to the mandate rule.

Neeley did not preserve this objection in the district court, and thus we review the claim for plain error. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Neeley must show: (1) there was an error; (2) the error was plain; (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Neeley makes this three-part showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736.

Our review of the record leads us to conclude that Neeley has not established error. The district court was expressly authorized by 18 U.S.C. § 3583(e)(2) (2006) to modify or enlarge the terms of Neeley's supervised release, and the law of the case and mandate rules do not invalidate the district court's imposition of the new terms.

Neeley next contends that because the offense that resulted in his term of supervised release was not a specifically enumerated offense listed in the district court's Standing Order, the court's application of that order to his offense of conviction violated his right to procedural due process. The district court conducts proceedings to modify or enlarge an offender's supervised release terms pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation. 18 U.S.C. § 3583(e)(2). Fed. R. Crim. P. 32.1(c) provides that "before modifying the conditions of . . . supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Here, the district court held a hearing at which Neeley testified, offered evidence in mitigation, and was represented by counsel. Thus, despite the fact that Neeley's offense was not listed in the district court's Standing Order, the court's application of conditions set forth in that order to Neeley did not violate his right to procedural due process.

Neeley also argues that the substance of several of the new conditions violates his right to due process and his First Amendment right of association, and also fails the requirements of the supervised release statute. "District courts have broad latitude to impose conditions on supervised

4

release," and so we review such conditions only for abuse of discretion. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009). The sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors, which include: the nature and circumstances of the offense and the history and characteristics of the defendant, providing adequate deterrence, protecting the public from further crimes, and providing the defendant with training, medical care, or treatment. Id. at 186. The sentencing court must also ensure that the condition involves no greater deprivation of liberty than is reasonably necessary to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with training, care or treatment. 18 U.S.C. § 3583(d)(2); United States v. Dotson, 324 F.3d 256, 260-61 (4th Cir. 2003). The conditions must also be consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(3). A particular restriction does not require "an offense-specific nexus," United States v. Perazza-Mercado, 553 F.3d 65, 70 (1st Cir. 2009), but the sentencing court must explain its decision and its reasons for imposing the chosen conditions. Armel, 585 F.3d at 186.

This court reviews de novo constitutional due process claims. United States v. Legree, 305 F.3d 724, 729 (4th Cir. 2000). Similarly, a condition that restricts fundamental rights

must be "narrowly tailored and . . . directly related to deterring [the defendant] and protecting the public." United States v. Crandon, 173 F.3d 122, 128 (3d Cir. 1999). However, if a defendant fails to raise a particular constitutional challenge in the district court, this court reviews the issue for plain error. United States v. Mackins, 315 F.3d 399, 408 (4th Cir. 2003).

Neeley contends that the terms prohibiting him from possessing "pornography or erotica" and "sexually oriented or stimulating material" and from patronizing or entering any locations where such material may be accessed are not defined with sufficient clarity and therefore violate his right to due process. He argues that the conditions fail to provide notice of what materials he may not possess and what locations he may not patronize or enter. Neeley did not preserve this objection in the district court, and thus we review the claim for plain error. Our review of the record leads us to conclude that Neeley has not established plain error. Even if we assume error, an error is plain only if it runs afoul of well-settled law. United States v. Baum, 555 F.3d 1129, 1135-36 (10th Cir. 2009). Neither this court nor the Supreme Court has addressed whether the challenged terms are constitutional. Thus, the district court's imposition of these terms does not run afoul of well-settled law.

6

Neeley also claims that these conditions are not reasonably related to the sentencing factors set forth in 18 U.S.C. § 3583(d)(1) (2006), and involve a greater deprivation of liberty than reasonably necessary to accomplish the goals of supervised release. Our review of the record leads us to conclude that the district court did not abuse its discretion in imposing these conditions.

Finally, Neeley argues that the condition prohibiting him from "form[ing] a romantic interest or sexual relationship with a person who has physical custody of any child under the age of eighteen" fails to conform to the requirements of the supervised release statute, violates his First Amendment right of association, and violates his due process rights in that it fails to adequately define the type of conduct that could result in revocation of his supervised release. We have reviewed the record and conclude that the district court did not abuse its discretion in imposing this term. We also find that the term is narrowly tailored to protect children and to prevent Neeley from being placed in a compromising situation. Crandon, 173 F.3d at 128. The terms of this condition permit Neeley to meaningfully discern the type of conduct that could result in a revocation of his supervised release. See United States v. Paul, 274 F.3d 155, 167 (5th Cir. 2001) (stating that "[c]onditions of

probation can be written — and must be read — in a commonsense way.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED