**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4652**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

LARRY A. HILL,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:08-cr-00734-MBS-1)

Submitted: February 9, 2015          Decided: February 12, 2015

Before KING, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry A. Hill, Appellant Pro Se. James Hunter May, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the proceedings below, the district court found that Larry Hill violated certain conditions of his supervised release, revoked his release, and sentenced him to ten months of imprisonment, while continuing him on supervised release for two years. Specifically, the court found Hill's conduct (the creation of false and fraudulent IRS forms) amounted to retaliation against a federal judge and federal law enforcement officers by making false claims, in violation of 18 U.S.C. § 1521. On appeal, Hill contends that the district court erred when it: (1) deprived him of due process; (2) denied his motion to dismiss; (3) denied his requests for witness subpoenas; (4) denied his motion for recusal; and (5) denied his challenge to the revocation proceedings for lack of sufficient evidence. We find no merit in these contentions and we therefore affirm.

First, "[w]e review the alleged denial of due process de novo." United States v. Legree, 205 F.3d 724, 729 (4th Cir. 2000). A defendant on supervised release has a procedural due process right to a fair and impartially conducted revocation hearing. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Our review of the record reflects that Hill received the appropriate process. He received a full hearing, was permitted to confront his accusers, and was given notice of the charges via the supervised release revocation report. While

2

the report was amended, the amendment properly notified Hill of the revisions to the allegations. See Fed. R. Crim. P. 32.1(b)(2)(A). We thus find no merit in Hill's generalized due process claim.

Second, we note that, in his opening brief, Hill fails to address the district court's grounds for denying his motion to dismiss. By this failure, he has forfeited review of this issue on appeal. See 4th Cir. R. 34(b) (limiting review to issues raised in opening brief); see also Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding that failure to raise issue in opening brief constitutes abandonment on appeal).

Third, we review the district court's denial of the request for witness subpoenas for abuse of discretion. See United States v. Espinoza, 641 F.2d 153, 159 (4th Cir. 1981). To the extent Hill claims that this denial violated his right to confrontation, our review is de novo. United States v. Summers, 666 F.3d 192, 197 (4th Cir. 2011).

Supervised release revocation hearings are not "criminal prosecutions" under the Sixth Amendment. United States v. Ward, 770 F.3d 1090, 1097 (4th Cir. 2014). Accordingly, as we have recently reiterated, defendants in supervised release revocation hearings are only entitled to the limited right of confrontation guaranteed by Fed. R. Crim. P.

32.1(b)(2)(C).  United States v. Ferguson, 752 F.3d 613, 616 (4th Cir. 2014).  Our review of the record shows that the district court neither abused its discretion nor violated Hill's right to confrontation in denying his subpoena requests.  To the contrary, Hill was afforded a full opportunity to confront his accusers via cross-examination and he did so, at length.

Fourth, we review the denial of a motion for recusal for abuse of discretion.  United States v. Whorley, 550 F.3d 326, 339 (4th Cir. 2008).  A judge should grant a motion for recusal "in any proceeding in which h[er] impartiality might reasonably be questioned"; "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; or where she has a financial interest in the litigation.  28 U.S.C. § 455 (2012).

Generally, "[appellate] courts have only [reversed the denial of] recusal motions in cases involving particularly egregious conduct [by the presiding judge]."  Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011).  Moreover, in order to disqualify a judge, the "bias or prejudice must, as a general matter, stem from a source outside the judicial proceeding at hand."  Id. at 572 (internal quotation marks omitted).  As to whether a financial interest is disqualifying, it "depends upon the remoteness of the interest and its extent or degree. . . .  As the interest becomes less direct, it will

4

require disqualification only if the litigation substantially affects that interest." In re Beard, 811 F.2d 818, 831 (4th Cir. 1987). Ultimately, the test for whether a judge must recuse herself "is an objective one: . . . a judge must disqualify [her]self whenever [her] impartiality might reasonably be questioned." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

We have reviewed the record and discern no abuse of discretion in the denial of the recusal motion. Under the unique circumstances presented here, the fact that Hill was charged with attempting to file a false lien against the presiding judge (among other federal officials and employees involved in this case) did not necessitate the judge's recusal. See United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993) (noting that party's baseless suits against judge do not require judge's recusal); United States v. Parker, 724 F.2d 127, 128 (4th Cir. 1984) (noting that knowledge acquired through involvement in judicial proceedings does not constitute personal bias necessitating recusal). Indeed, we note that even were one to regard the case as involving the judge's "financial interest," a view which no reasonable person would entertain in any event, that "interest" is far too remote and speculative to necessitate recusal. We therefore hold that the district court did not abuse its discretion in denying the recusal motion.

Fifth and finally, in a supervised release revocation hearing, we review the decision on revocation under an abuse of discretion standard. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). We review for clear error the district court's factual findings underlying the conclusion that a violation of the terms of supervised release occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

We have reviewed the record and determined that the district court had sufficient evidence to find that Hill engaged in conduct constituting a violation of supervised release. Specifically, the district court did not commit clear error in finding, by a preponderance of the evidence, that Hill attempted to create a false liens by filing IRS Form 56 with the IRS and Form 1099c with the district court.

For the foregoing reasons, the judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6