**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6538

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALVIN ANTONIO SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:94-cr-00054-BR-1)

Submitted:  October 26, 2021                          Decided:  November 10, 2021

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jennifer Claire Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Antonio Spencer appeals from the denial of his motion for compassionate release. He asserts that the district court erred in considering the 18 U.S.C. § 3553 factors. For the following reasons, we vacate and remand for further proceedings.

We review the district court's denial of a motion for compassionate release for an abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

The district court is authorized to reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)). Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable § 3553(a) factors. *High*, 997 F.3d at 186. Here, the district court

2

found that Spencer satisfied the first two steps but that the § 3553 factors weighed against his release.

Spencer identifies numerous factors that he raised in support of his request for compassionate release that he asserts the district court failed to address in ruling on his motion, including the programming Spencer had undertaken, his excellent disciplinary record, and the lack of prison time served prior to his current stint. He also contends that the district court improperly speculated that his projected release date was altered as the result of misbehavior. While not providing any other reason for the altered release date, Spencer noted that no evidence supported the court's conclusion.

In *High*, this Court held that, in accordance with the Supreme Court's decision in *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), a district court is not required to expressly acknowledge and address each of the defendant's arguments in support of his motion for compassionate release. *High*, 997 F.3d at 188-89. Instead, the district court need only "set forth enough to satisfy [this] court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (alterations and internal quotation marks omitted). We explained that, "as *Chavez-Meza* makes plain, there are cases in which a minimal explanation suffices, while in other cases, more explanation may be necessary." *Id.* at 189 (internal quotation marks omitted). We also observed that we previously had adopted a presumption (the "*Legree*[1] presumption") "that the district court

---

[1] *United States v. Legree*, 205 F.3d 724, 729-30 (4th Cir. 2000).

3

sufficiently considered relevant factors in deciding a section 3582(c)(2) motion," which can be rebutted if the defendant presents "a significant amount of post-sentencing mitigation evidence," and we found the *Legree* presumption applicable to High's relatively simple case. *Id.* at 190-91 (internal quotation marks omitted).

While the district court did not address all of Spencer's arguments, under *High* and *Chavez-Meza*, it would generally not be required to address more thoroughly the majority of the arguments on which Spencer now relies. However, this case differs from *High* in an important respect. In this case, the court, while not explicitly considering certain arguments raised by Spencer, also relied upon speculation concerning an issue not briefed by the parties. The district court noted the alteration of Spencer's projected release date and stated that it was potentially due to misbehavior. Upon remand, the trial court must address this in a non-speculative fashion and in combination with the other arguments Spencer has raised in support of his claim for compassionate release.

We conclude the record requires "a more robust and detailed explanation" from the district court. *See High*, 997 F.3d at 190 (internal quotation marks omitted); *cf. McDonald*, 986 F.3d at 412 (requiring additional explanation); *Martin*, 916 F.3d at 396-97 (same). We express no opinion on the ultimate merits of Spencer's claim.

Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4