**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6914

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GRADY WILLIAM POWERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Martin K. Reidinger, Chief District Judge.  (2:93-cr-00019-MR-1)

Submitted:  September 21, 2022                    Decided:  November 16, 2022

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Grady William Powers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grady Williams Powers appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, and his motion for the appointment of counsel. We vacate the court's denial of Powers' compassionate release motion and remand for further consideration.

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).

When ruling on a compassionate release motion, "a district court is not required to address each of a defendant's arguments for a reduced sentence" or "provide an exhaustive explanation analyzing every [18 U.S.C.] § 3553(a) factor." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). Rather, when a case is "relative[ly] simpl[e]," the explanation requirement is satisfied if the order shows that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion. *High*, 997 F.3d at 191 (cleaned up); *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). However, when a defendant "present[s] a significant amount of post-sentencing mitigation evidence, . . . a more robust and detailed explanation [is] required." *High*, 997 F.3d at 190 (cleaned up). At bottom, the district court must "set forth

2

enough to satisfy this court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Jenkins*, 22 F.4th at 171 (cleaned up).

We conclude that Powers provided sufficient argument and evidence to warrant a more detailed explanation from the district court for its decision to deny relief. In *High*, we distinguished High's claims from those of the defendants in *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019), and *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021). *High*, 997 F.3d at 190. We observed that, whereas High had received no disciplinary infractions and had completed educational courses during his year-and-a-half of incarceration, the defendants in *Martin* and *McDonald* "had presented a significant amount of post-sentencing mitigation evidence" over "nearly two decades," requiring a more detailed explanation than the brief or absent explanation that the district court provided in each case. *Id.* (cleaned up).

In his reply to the Government's opposition to his compassionate release motion, Powers argued that, while in prison, he had been a "model inmate"; had received minimal or no disciplinary infractions; and had been consistently employed. Moreover, Powers provided evidence that he had engaged in several classes and programs during his nearly 30 years of incarceration. Thus, Powers presented a "significant amount of post-sentencing mitigation evidence." *Id.* (cleaned up). Moreover, the judge who denied Powers' compassionate release motion here was not the same judge who originally sentenced Powers in 1993, *see id.* at 189, and the district court noted only that the 480-month sentence remained appropriate considering the seriousness of Powers' offenses, as well as the need

3

to provide just punishment, promote respect for the law, and provide adequate deterrence. In doing so, the court did not reference any of Powers' post-sentencing conduct. As a result, we are unable to discern whether the district court considered Powers' arguments in favor of compassionate release and had a reasoned basis for its decision to deny relief. *See id.* at 190. We therefore conclude that the district court abused its discretion in failing to address this evidence.

Although we vacate the district court's order, we address an issue likely to arise on remand regarding the court's compassionate release analysis. *See United States ex rel. Drakeford v. Tuomey Healthcare Sys., Inc.*, 675 F.3d 394, 406 (4th Cir. 2012) ("[O]ur precedent is clear that we may address issues that are likely to recur on remand."). The district court correctly recognized that, "[a]s of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[]," as opposed to such a motion brought by the Bureau of Prisons (BOP). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Despite doing so, however, the district court's analysis of whether Powers presented extraordinary and compelling reasons warranting relief appeared to focus only on whether Powers' circumstances accorded with U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2021). Although USSG § 1B1.13, p.s., which applies to compassionate release motions filed by the BOP, "remains helpful guidance even when motions are filed by defendants," *McCoy*, 981 F.3d at 282 n.7, the district court's reasoning did not indicate a consideration of anything apart from the policy statement or a recognition that a failure to meet the Guidelines' standards is not dispositive. Because district courts are presently "empowered to consider any extraordinary and

4

compelling reason for release that a defendant might raise," *Id.* at 284 (cleaned up), the district court's apparent reliance on USSG § 1B1.13, p.s., may have improperly restricted its assessment of whether Powers' claims presented extraordinary and compelling reasons for relief.

Finally, we discern no abuse of discretion in the district court's decision to decline to appoint counsel. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (noting that district court has discretion to appoint counsel in proceedings under § 3582(c) if interests of justice so require). Also, because the record does not support any inference of unfairness or partiality, we deny Powers' request to assign the case to a different district court judge on remand.

Accordingly, we vacate the court's denial of Powers' compassionate release motion and remand for further proceedings consistent with this opinion. We express no view as to the merits of Powers' compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*