**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4362**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

MAURICE EDGAR MCKENZIE, a/k/a Cappo, a/k/a Cappa, a/k/a Richard Knight, a/k/a Emanuel Askew,

 Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:97-cr-00032-SB-1)

Submitted:  November 6, 2009       Decided:  November 20, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Edgar McKenzie appeals from the district court's grant in part of his motion for reduction of sentence based upon the crack cocaine amendments to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c) (2006). We previously remanded the case to the district court with directions for the court to provide adequate reasoning for its decision. See United States v. McKenzie, No. 08-7630 (4th Cir. Mar. 18, 2009) (unpublished). The district court then entered another order, reimposing the same sentence and providing expanded reasoning. McKenzie again appealed. On appeal, he asserts that the district court should have applied Apprendi v. New Jersey, 530 U.S. 466 (2000), when imposing his new sentence. He also claims that the district court's reasoning was still insufficient. We affirm.

As to McKenzie's first claim, Apprendi is not retroactively applicable in a § 3582 proceeding. United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002); see also United States v. Dunphy, 551 F.3d 247, 251-53 (4th Cir.) (holding that "proceedings under § 3582(c)(2) do not constitute a full resentencing of the defendant" and stating that rule in Booker regarding proof requirements for facts that increase criminal penalties "has no application to proceedings under

2

§ 3582(c)(2)"), cert. denied, 129 S. Ct. 2401 (2009). Accordingly, this claim is without merit.

Turning to McKenzie's assertions that the district court again failed to provide reasoning for its decision, McKenzie specifically argues that the district court failed to consider the fact that he was sentenced pre-Apprendi under a sentencing scheme that was later found to be unconstitutional. Further, McKenzie claims that the court's consideration of his post-conviction behavior was conclusory. Instead, McKenzie asserts that the court relied solely on the factors supporting his original sentence and failed to consider the present factors.

In United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000), we held that there exists a presumption, absent a contrary indication in the record, that the district court considered the § 3553(a) factors in denying a § 3582(c)(2) motion. However, in United States v. Gall, 552 U.S. 38, 128 S. Ct. 586, 597 (2007), which was decided after Legree, the Supreme Court held that a sentencing judge must make an "individualized" sentence assessment based on the facts presented and explain adequately the chosen sentence. While we have not yet applied Gall to § 3582 motions, we find that, even under this heightened standard, the district court's reasoning was adequate.

The court stated that McKenzie's underlying crime and conduct was reprehensible, that a longer sentence would promote respect for the law,[*] and that neither the Supreme Court's new decisions nor McKenzie's post-conviction conduct entitled him to a lower sentence. Our review of the record makes it clear that the court considered McKenzie's arguments for a lower sentence and rejected them. It is also apparent from the record that the district court explicitly considered the § 3553 factors prior to imposing sentence. Thus, we find no abuse of discretion in the district court's recitation of its reasoning.

Accordingly, we affirm. We deny McKenzie's motion to substitute and appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Both the Government and McKenzie agreed that a sentence at the low end of the amended Guidelines range was appropriate. Instead, the district court imposed a sentence at the high end of the amended Guidelines range.

4