[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

No. 07-14945
Non-Argument Calendar
_____

D. C. Docket Nos. 07-00043-CV-BAE-6 & 05-00034-CR-BAE

ROYLAND KICKLIGHTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 17, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Royland Kicklighter, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's dismissal of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, as time-barred. Kicklighter contends that his lawyer ignored his numerous attempts to contact him and deceived Kicklighter with regard to a timely filing of his direct appeal. Because the certificate of appealability is unclear as to what issues are before us, we will address the general issue, raised by Kicklighter in his brief, of whether his § 2255 motion was time-barred. However, because the district court did not properly explain its reasoning regarding the dismissal of Kicklighter's § 2255 motion and made no factual findings regarding his allegations of attorney misconduct, we VACATE and REMAND.

## I. BACKGROUND

On 9 July 2007 Kicklighter, who is serving a 180-month sentence for drug and firearms convictions from May 2006, signed this pro se § 2255 motion to vacate, raising several claims. Kicklighter claimed that: (1) he was denied the effective assistance of counsel because his attorney, David Pittman, ignored his efforts to contact Pittman about his direct appeal and lied to him about whether the appeal had been filed; (2) he was denied his right to appeal because Pittman did not keep him informed of the status of his appeal, did not keep him informed of a possible Federal Rule of Criminal Procedure 35 motion, and misrepresented that he was in contact with the government; and (3) Kicklighter had no one to assist him

with the Rule 35 motion, which Pittman had claimed was going to be filed on his behalf.

The government moved to dismiss Kicklighter's motion as untimely because it was not filed within one year after his conviction became final in accordance with § 2255. The government stated that Kicklighter's case became final on 10 May 2006 and, under § 2255(f)(1), he had one year from that date to file a timely § 2255 motion, or until 10 May 2007, making Kicklighter's 9 July 2007 motion to vacate untimely. The magistrate judge issued a report and recommendation ("R & R"), recommending that Kicklighter's motion be dismissed as time-barred. R1-4. The magistrate judge found that, under § 2255(f)(1), Kicklighter had until 7 May 2007 to file his motion, making his 9 July 2007 filing untimely, and that Kicklighter had presented no newly discovered evidence or rule of law to excuse his untimely filing. Id. at 2-3.

Kicklighter filed an objection to the R & R, acknowledging that he had filed his motion to vacate outside the statute of limitations period, but asking the court to consider his reasons for failing to file on a timely basis. R1-6. He stated that he had made every effort to "protect his right to appeal his sentence in the amount of time that he was allowed," and Pittman repeatedly had assured him and his daughters that Pittman was working with the government to have a Rule 35 motion

filed on Kicklighter's behalf.  Id. at 1-2.  Kicklighter discovered, by having his daughter contact the Assistant U.S. Attorney ("AUSA") in April 2007, that no legal action had been taken regarding any Rule 35 motion.  Upon learning this, Kicklighter repeatedly attempted to get in contact with Pittman in order to find out why his attorney had "in the past eleven (11) months . . . lied to his daughter and [to Kicklighter] concerning the status o[f] his Appeal."  Id. at 2.  Allegedly, Pittman reassured him again regarding the status of his Rule 35 motion, but, since that time, Kicklighter has been unable to contact him by phone.  Kicklighter stressed that he was uneducated in the law and had not known about § 2255's one-year statute of limitations until the government filed its response to his motion to vacate.  He also stressed that he had contacted the AUSA in March 2007 to "protect [his] right to seek a sentence reduction."  Id. at 4.

Kicklighter attached several letters, including: (1) letters that he wrote to Pittman; (2) letters that he wrote to the AUSA; (3) a letter from the State Bar of Georgia, Office of the General Counsel, to Pittman, regarding a grievance filed by Kicklighter; and (4) a letter from the State Bar of Georgia, Consumer Assistance Program, to Kicklighter, regarding his attempt to file a grievance against Pittman.  R1-6, attached documents.  In letters to the AUSA dated in March and May 2007, Kicklighter stated that he was told that he would be receiving a sentence reduction

4

pursuant to a Rule 35 motion. Id. He informed the AUSA that he had been unable to contact his attorney regularly, who had told him and his family that he would be resentenced. In a letter to his attorney dated 18 June 2007, Kicklighter stated that he had attempted to contact Pittman by phone and by letter "over 50 times" regarding the status of his Rule 35 motion, which Pittman had promised would be filed. Id. He also stated that his wife and daughter had called Pittman at his office "hundreds of times," but had received only two calls in return after his daughter mentioned plans to complain to the State Bar of Georgia if he did not reply. Id. In his letter dated 2 July 2007, Kicklighter wrote to Pittman that because Pittman had not responded to inquiries regarding the status of the Rule 35 motion and had not returned the court documents related to his case to him, Kicklighter was planning to complain to the State Bar of Georgia. In his 19 August 2007 letter to Pittman, Kicklighter wrote that Pittman had represented to him that Pittman was "in constant contact with the U.S. Attorney and the [Rule 35] motion would be filed soon," but the AUSA told Kicklighter that Pittman had never contacted the government. Id.

The district court adopted the magistrate judge's R&R without an opinion and dismissed Kicklighter's motion to vacate. R1-7, 8. Kicklighter appealed the district court's order, R1-9, and moved for a certificate of appealability ("COA"),

5

arguing that his failure to file a motion to vacate in a timely manner was due to extraordinary circumstances because: (1) his attorney agreed to file an appeal, but did not file the appeal, and never told Kicklighter that he had failed to file the appeal, despite Kicklighter's numerous attempts to contact him, R1-10 at 2; (2) his attorney falsely represented to him, for several months, that a Rule 35 motion would be filed on his behalf, id. at 3; (3) Kicklighter suffered from cancer, requiring six operations, and had been denied access to pain medication, leaving him in constant pain, which affects his memory and ability to concentrate, id. at 4; and (4) he was completely ignorant of the law regarding § 2255 motions and his appeal, id. at 3, 5. Kicklighter stated that, although he had been unable to reach Pittman despite daily phone calls, his daughter had contacted Pittman on his behalf and had been assured that "his rights were being protected and [he] would soon return to court." Id. at 2. According to Kicklighter, after he discovered that Pittman had not been in contact with the AUSA regarding his Rule 35 motion, he attempted to contact the district judge in his case, the AUSA, and the clerk of the court for advice. Id. at 3. In response to his request, the clerk of the court initially sent him 42 U.S.C. § 1983 forms, eventually mailing him the § 2255 forms, which he mailed to the court within a few days of receiving them. Id.

In its order granting Kicklighter a COA, the district court did not explicitly

6

state on what issues it was granting the COA. See R1-11. The court stated that Kicklighter "basically argues for equitable tolling because he was ignorant of § 2255's one-year limitation, and . . . his lawyer lied to, and abandoned him." Id. at 1. The district court emphasized that Kicklighter argued that "[a] big part of the delay (and being lulled into inactivity and incuriosity about his § 2255 rights) . . . stems from a[] F.R.[Crim].P. 35 motion that [Kicklighter] believed the Government one day would, but in fact never did, file." Id. The district court also mentioned that Kicklighter "has been of ill health" because of his six cancer operations. Id. After discussing equitable tolling, however, the district court cited to several cases addressing "due diligence" in relation to § 2255(f)(4),[1] noting that this portion of the statute "specifies that the one-year limitations period runs from the latest of various occurrences, including, under subprovision (4), 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.'" Id. at 2 n.3.

## II. DISCUSSION

On appeal, Kicklighter contends that the issue in the COA is whether the

---

[1] River v. United States, 416 F.3d 1319, 1321 and 1323 (11th Cir. 2005) (per curiam) (holding that, under § 2255(f)(4) "procedural ignorance has never been accepted as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); Wims v. United States, 225 F.3d 186, 189-90 (2d Cir. 2000) (stating that the statute of limitations period, according to § 2255(f)(4), begins to run from when the petitioner could have been, with due diligence, aware that his attorney had neglected to file an appeal).

7

district court properly dismissed his § 2255 motion as time-barred. He argues that he showed "due diligence" in attempting to exert his appeal rights by repeatedly attempting to contact his attorney, who ignored and deceived him. Having discovered in April 2007 that no direct appeal had been filed on his behalf, Kicklighter took steps to file the § 2255 motion pro se. He posits that his motion should be considered timely because the statute of limitations should have begun running in April 2007, which was, under § 2255, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 6. He also argues that extraordinary circumstances prevented him from filing his § 2255 motion, in particular his several cancer operations and constant pain due to the denial of pain medication. Id. at 1, 7.

> The government responds that the COA raises the issue of whether:
>
> the district court correctly determine[d] that Kicklighter was not entitled to equitable tolling of the limitations period of 28 U.S.C. § 2255 due to his ignorance of the law, prior bouts with cancer, and his trial attorney's failure to respond to his inquiries about a Rule 35 motion and a possible direct appeal.

Appellee's Brief at 1. The government contends that Kicklighter has not established extraordinary circumstances, which would justify equitable tolling, stressing that: (1) a movant's ignorance of the law does not constitute

8

extraordinary circumstances; (2) his medical condition is not sufficiently severe to constitute extraordinary circumstances; and (3) attorney negligence is not considered extraordinary circumstances for the purposes of equitable tolling. The government argues that whether Kicklighter's motion was timely under § 2255(f)(4) is not covered by the COA.

The government has filed a supplementary letter, acknowledging our intervening decision in Downs v. McNeil, 520 F.3d 1311, 1322 (11th Cir. 2008), allowing serious attorney misconduct to constitute "extraordinary circumstances" under equitable tolling. The government argues that Downs is distinguishable from this case because the alleged misconduct occurred in conjunction with Kicklighter's direct appeal, and not in relation to his § 2255 motion.

Under § 2253, the court issuing a COA must "indicate which specific issue or issues," warrant a COA. 28 U.S.C. § 2253(c)(3). Appellate review then is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (per curiam). If the district court issues a COA, but fails to enumerate specific issues for review, that does not deprive us of appellate jurisdiction. Putman v. Head, 268 F.3d 1223, 1227-28 (11th Cir. 2001). Instead, we may: (1) remand to the district court for enumeration of the issues; or (2) retain jurisdiction and rule on those issues raised by the prisoner that we deem

9

worthy of a COA. Id. at 1228. We also have held that a district court should explain the reasoning behind its denial of § 2255 relief in order to "provide this court with a sufficient basis for review." Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (per curiam) (holding that the district court's one-sentence denial of an individual's six ineffective assistance of counsel claims did not provide us with a sufficient basis for review, given the complexity of the claims, the voluminous record on appeal, and the fact that the movant's claims had arguable merit).

The Antiterrrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following one of four events, including, "the date on which the judgment of conviction becomes final," and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir.) (per curiam) (quotation and citation omitted), cert. denied, 128 S. Ct. 1443 (2008). We have decided that serious attorney misconduct,

"[running] the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit," could constitute "extraordinary circumstances," which would justify equitable tolling of a movant's § 2255 motion. Downs, 520 F.3d at 1323. Noting that the district court had not made factual findings regarding the appellant's allegations of attorney misconduct, the Downs court remanded the case back to the district court for an evidentiary hearing, stating that, "[u]ltimately, whether equitable tolling is warranted is a decision that must rest on facts, not allegations." Id. at 1325.

In this case, the COA is unclear regarding what issues are presented. In the order granting the COA, the district court found that Kicklighter "basically argues for equitable tolling," listing the various grounds that Kicklighter had raised to justify it, including: (1) his ill health; (2) his attorney's deceit; and (3) his ignorance of the law. See R1-11 at 1. However, the district court followed this discussion of equitable tolling with an analysis of the law related to "due diligence" for timely filing of a motion to vacate under § 2255(f)(4), quoting from this portion of the statute. See id. at 1-2, n.3.[2] Nowhere in the order does the district court explicitly state what issue or issues are raised by the COA, nor does

_____

[2]The district court appears to have conflated the concepts of equitable tolling and timely filing under § 2255(f)(4), as the factual analysis in the order discusses equitable tolling, (see R1-11 at 1), while the legal analysis addresses § 2255(f)(4), (see id. at 1-2 and n. 3). This approach is repeated in Kicklighter's pro se brief.

11

the district court ever indicate whether the issue of equitable tolling, the issue of whether Kicklighter's motion was timely under § 2255(f)(4), or both, are covered by the COA.

Given that the COA is unclear, we will apply the second option in <u>Putnam</u> and consider what issues, if any, raised by Kicklighter on appeal are worthy of a COA. See <u>Putman</u>, 268 F.3d at 1228. In his brief, Kicklighter states that the issue on appeal is whether his § 2255 motion was dismissed properly as time-barred, raising arguments based on equitable tolling and due diligence under § 2255(f)(4). We construe the COA to raise the issue of whether Kicklighter's motion was properly dismissed as time-barred.

Although Kicklighter never specifically mentioned either equitable tolling or § 2255(f)(4) in either his § 2255 motion or in his objection to the magistrate judge's R & R, in his objection, he asked the court to consider his reasons for failing to file a timely § 2255 motion, R1-6 at 1, explaining that: (1) his attorney had deceived him about his appeal and ignored him during the months that the statute of limitations was running; and (2) he only learned of his attorney's misconduct related to his ineffective assistance of counsel claims in April 2007. Id. at 1-3. These allegations, taken as true, would raise issues related to equitable tolling and § 2255(f)(4), especially considering the latitude given to the pleadings

12

of a pro se movant. See 28 U.S.C. § 2255(f)(4); Downs, 520 F.3d at 1323; Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005) (noting that we construe the pleadings of pro se petitioners liberally). Moreover, the district court acknowledged these issues in its order granting the COA, discussing equitable tolling and citing to caselaw related to § 2255(f)(4). See R1-11. In its order dismissing Kicklighter's § 2255 motion, however, the district court adopted the R & R without opinion. R1-7. The R&R never addressed the issues related to equitable tolling or due diligence under § 2255(f)(4), and made no factual findings regarding Kicklighter's allegations of his attorney's misconduct and deceit. R1-4.

Because the district court offered no legal analysis or factual findings related to Kicklighter's allegations of attorney misconduct, the record is not sufficient for us to determine whether the district court should have applied equitable tolling because of the attorney misconduct, Downs, 520 F.3d at 1323-25, or should have found that his ineffective assistance of counsel claims were not timely under § 2255(f)(4). Given the insufficiency of the record, remand to the district court for factual findings is appropriate. Downs, 520 F.3d at 1526; Broadwater, 292 F.3d at 1303.

### III. CONCLUSION

We require additional findings of fact and further legal explanation by the

13

district court in concluding that Kicklighter's § 2255 motion was untimely in order to properly review the judgment of the court.  Accordingly, we **VACATE** and **REMAND** for those purposes.