**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7128

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ERRON ROBINSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:04-cr-00501-TSE-1)

Argued:  September 23, 2010          Decided:  February 4, 2011

Before GREGORY and AGEE, Circuit Judges, and Richard L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished opinion.  Judge Voorhees wrote the majority opinion, in which Judge Agee joined.  Judge Gregory wrote a dissenting opinion.

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Stephen Wiley Miller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Lawrence J. Leiser, Assistant United States Attorney, Lore A. Unt, Special Assistant United

States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

VOORHEES, District Judge:

Appellant-Defendant Erron Robinson appeals the district court's denial of a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon retroactive application of Amendment 706 to the United States Sentencing Guidelines, which altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels. Robinson argues on appeal that the district court's failure to articulate his rationale in greater detail amounts to an abuse of discretion. Defendant advocates for remand to the district court for further explanation. For the reasons stated herein, we <u>affirm</u> the district court.

I.

In June 2005, Robinson pled guilty to violations of 21 U.S.C. § 841(a)(1) (Count II) and 18 U.S.C. § 924(c) (Count III).[1] On November 4, 2005, Robinson was sentenced to 132 months on the drug offense plus 60 months on the gun offense,

---

[1] Robinson was originally indicted with co-conspirator, Alex Wilson, in a five-count Superseding Indictment on April 7, 2005. Count One alleged a conspiracy to possess with intent to distribute 50 grams or more of a substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine. Robinson ultimately pled guilty and accepted responsibility for possession with intent to distribute 5 or more grams of crack cocaine.

3

consecutive to the sentence imposed on Count II, for a total term of 192 months imprisonment.

In arriving at the original sentence, the sentencing judge noted the advisory guideline range (168-210 months for the substantive drug offense), but elected to impose a variant sentence based upon the history and characteristics of the defendant, the need for deterrence, and the need to avoid unwarranted disparities in sentencing.[2] (J.A. 86-90) The defense was unsuccessful in its attempt to have the Court adjust Robinson's criminal history category based upon his juvenile record.   However, Defense counsel made persuasive arguments about the history and characteristics of the Defendant, particularly, Robinson's youth (age 19) and his prior criminal history, which was comprised solely of juvenile adjudications. (J.A. 75, 80-84, 91, 133-38) The variance resulted in a sentence on the drug offense 36 months below the bottom of the advisory guideline range. Judgment was entered on November 4, 2005.

In December 2008, Robinson sought a reduction of sentence pursuant to Amendment 706 and 18 U.S.C. § 3582(c)(2).[3] On June 1, 2009, the district court denied the motion.

---

[2]   The 2004 Edition of the United States Sentencing Guidelines was used in calculating Defendant's advisory guideline sentence.(¶70 PSR)

[3]   Amendment 706 to the United States Sentencing Guidelines

4

Robinson filed a timely appeal. Our jurisdiction arises out of 18 U.S.C. § 3742. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000) (appeals of § 3582 (c)(2) rulings are governed by 18 U.S.C. § 3742(a)(1)); United States v. Bowers, 615 F.3d 715, 722-23 (6th Cir. 2010).

## II

We review the district court's decision to deny relief pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004).

## III.

We first consider generally the requisite level of justification in explaining the denial of a Section 3582 motion. Section 3582(c)(2), which supplies the statutory authority for the relief sought here, establishes an *exception* to the general rule of finality that governs criminal judgments of conviction. See Dillon v. United States, 130 S. Ct. 2683, 2690 (2010); 18 U.S.C. § 3582(b). Accordingly, we emphasize that proceedings to modify sentence under Section 3582 are limited in nature and,

---

"altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels." United States v. Dunphy, 551 F.3d 247, 249 (4th Cir. 2009).

5

therefore, are not intended to be full resentencings. As the Supreme Court recently explained in Dillon, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S. Ct. at 2691. Like Section 3582, U.S.S.G. § 1B1.10(a)(3) expressly identifies the same limitation, namely, that proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant. U.S.S.G. § 1B1.10(a)(3). In addition, as Dillon makes clear, Section 3582(c)(2) proceedings "do not implicate the interests identified in Booker," because Booker involved application of the guidelines at an original sentencing. Dillon, 130 S. Ct. at 2692; Bowers, 615 F.3d at 727.

As a result, our Section 3582(c)(2) analysis is limited to this two-step inquiry: "A court must first determine that a reduction is consistent with [§]1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a)."[4] Dillon, 130 S. Ct. at 2691.

---

[4] Under 18 U.S.C. § 3553(a), "[t]he court, in determining the particular sentence to be imposed, shall consider –
    (1) the nature and circumstances of the offense and the
    history and characteristics of the defendant;
    (2) the need for the sentence imposed –

Prior to Dillon, we held in United States v. Legree, that in deciding a Section 3582(c)(2) motion, Section 1B1.10(b) of the Sentencing Guidelines does not require the district court to engage in this prescribed two-pronged analysis on the record. See United States v. Legree, 205 F.3d 724, 728-30 (4th Cir. 2000)(affirming denial of § 3582(c)(2) motion for sentence reduction based upon U.S.S.G., Am. 505). We also held that due process does not require appointment of counsel beyond direct appeal or an evidentiary hearing as "[a] motion pursuant to

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kind of sentence and the sentencing range established for –
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement –
(A) issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

7

[§]3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." Legree, 205 F.3d at 728-29. We further held that under certain circumstances, a presumption existed that the sentencing judge considered all pertinent matters in denying relief. Id.[5] We stated:

> "A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if … the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling."

Legree, 205 F.3d at 728-29 (quoting United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995)). More specifically, where the motion and legal issues are adequately presented, and absent a contrary indication, we are to *presume* that the district court considered all pertinent matters in arriving at a decision.[6] Id.

---

[5] During oral argument, Defendant made much of the fact that Legree relied in part on United States v. Davis, which dealt with a supervised release violation. 53 F.3d 638, 642 (4th Cir. 1995). We were cognizant of the distinction between supervised release proceedings and § 3582(c)(2) when we decided Legree but found the situations analogous notwithstanding. Legree, 205 F.3d at 728 (*internal citations omitted*). We are not persuaded otherwise now. Moreover, in Legree, we also found analogous an original sentencing decision where we held that a presumption exists in non-departure cases that, absent "a contrary indication," a district court considered the factors enumerated in 18 U.S.C.A. § 3553(a). Id. at 728-29 (*citing* United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998)).

[6] The legal issues may be deemed adequately presented where the district judge is fully aware and familiar with the record

8

Significantly, we held that this presumption was not overcome by sympathetic statements made by the district court during the original sentencing. Id. at 729.

Our decision in Legree remains good law as we discern nothing from our reading of Dillon to cast doubt upon the reasoning adopted in Legree. In sum, due to the "limited nature" of the proceedings, Section 3582 determinations are not subject to the same kind of scrutiny as imposition of an original sentence. Dillon, 130 S. Ct. at 2691-93; United States v. Dunphy, 551 F.3d 247, 252-53 (4th Cir. 2009) (Booker had no direct effect on § 3582(c)(2)); Legree, 205 F.3d at 729.

IV.

We turn next to application of the relevant principles in this case. Here, the judge exercising discretion under Section 3582(c)(2) presided over Robinson's original sentencing and, thus, entertained written and oral arguments made by both the prosecution and defense concerning the § 3553(a) factors and an appropriate sentence. The sentencing court had access to a "Statement of Facts" consisting of the Government's evidentiary

---

and the Defendant, where the sentencing judge also presided over the jury trial, and where some of the same factual and legal issues were presented at the time of original sentencing. Legree, 205 F.3d at 729.

proffer as to the essential elements of the offenses being pled to, sentencing memoranda from the Government and the defense, the Presentence Report and Recommendation, and other responsive materials. (J.A. 30-57) In deciding not to authorize a reduction of sentence pursuant to § 3582(c)(2), the district court likewise heard from the Defendant and the Government regarding the relevant criteria. (J.A. 102-117) The district court was fully aware and familiar with Robinson's case. As such, we find that the issues were adequately presented to the district court. Because the issues were adequately presented and no contrary indication exists, we conclude that the presumption adopted in Legree applies here as well.

Even if the Legree presumption did not apply, the district court sufficiently explained its analysis. In its Order denying relief, the district court recited the relevant procedural history, noting the significance of the fact that at the time of his original sentencing, Robinson received a 36-month variance in light of Booker and § 3553(a) factors. (J.A. 118)

The district correctly set forth the applicable law, focusing on USSG §§ 1B1.10(a)(1) and (b)(2)(B).[7] Section 1B1.10(b)(2)(B) provides as a general rule:

---

[7] Section 1B1.10(a)(1) makes clear that the district court is faced with a discretionary decision to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

10

> "[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 200 (2005), a further reduction generally would not be appropriate."

The district court then concisely explained his reasoning for denying the defense motion:

> "Such is the case here, as a review of the record, as well as the factors set forth in 18 U.S.C. [§]3553(a), confirms that an additional reduction in defendant's variant sentence is not warranted ...."

(J.A. 119) Finding this general rule determinative, the district court explained that if the 2-level reduction was allowed, "the variant sentence of 132 months imposed on the drug charge ... was below even the amended guidelines range." (J.A. 119 n.1) (*emphasis in original*). We conclude that the district court more than satisfied Legree.


V.

For the same reasons, we likewise reject Defendant's argument that the district court "contravened a Guideline requirement" in failing to explain expressly whether Defendant's early release might pose a danger to any person or to the community as a whole.

11

Under USSG § 1 B1.10, in evaluating whether to authorize a reduction of sentence pursuant to 18 U.S.C. § 3582 based upon a retroactive amendment to the guidelines, a district court:

> "**shall** consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment ...."

USSG 1B1.10, comment. (n.1(B)(ii) (public safety consideration)) (*emphasis added*).

Citing <u>Gall v. United States</u>, Robinson argues that the district court committed a <u>Gall</u>-like procedural error when it failed to provide a detailed analysis concerning the public safety factor. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586 (2009). Robinson claims that failure to discuss the public safety factor is akin to a failure to apply the guidelines properly. Robinson contends that because this factor is set apart from other § 3553(a) factors, at minimum, thorough discussion of this factor is required.[8] Applying the rule of law announced by the Supreme Court in <u>Dillon</u>, <u>Gall</u>, like <u>Booker</u>, involved application of the

---

[8] It is worth noting that the district court explicitly stated that he considered <u>all</u> of the Section 3553(a) factors, which include public safety, or the need "to protect the public from further crimes of the defendant." <u>See</u> 18 U.S.C. § 3553(a)(2)(C), *infra n. 4.*

12

guidelines at an original sentencing and does not control.[9]  See Dillon, 130 S. Ct. at 2692.  Likewise, Defendant's reliance on United States v. Carter is misplaced given that Carter involved review of an original variance sentence as opposed to a modification or reduction pursuant to § 3582(c)(2).  United States v. Carter, 564 F.3d 325 (4th Cir. 2009).

Rather, consideration of the public safety factor is implicit in the district court's ruling.  See Legree, 205 F.3d at 728-29.  In this case, there is record evidence that Robinson was a "central participant" in a violent drug conspiracy and Robinson possessed firearms (at least a .38-caliber handgun) in furtherance of his drug trafficking. (J.A. 31-32, 50-52) There is also evidence that Robinson belonged to a gang called the Fordson Road Crew, and that members of Robinson's gang were involved in a long-running feud with a rival gang. (J.A. 50-51) Robinson, by his own admission, participated in one or more shootings where he discharged his weapon and gunshot wounds were sustained by members of the rival gang. (J.A. 31-32, 53) The

---

[9] Because Gall does not govern § 3582 proceedings, the district court's alleged failure to provide sufficient explanation does not amount to procedural or substantive error triggering de novo review. United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009)("The district court's determination that it lacked authority to reduce [defendant's] sentence to a term below the amended guideline range is a question of law that we review de novo.)

13

Government's sentencing memorandum indicates that Robinson, along with other members of the Fordson Road Crew, chose to "terrorize his neighborhood through drug dealing and gun violence." (J.A. 53) We would be hard-pressed to find that the record itself did not contain sufficient support for the district court's discretionary ruling.

Finally, although only portions of the record are relied upon by the parties, the district court had access to *the entire record* at the time of his decision-making. In other words, the court had before it a wealth of information within the record and likely materials beyond those items specifically cited or included within the Joint Appendix.

VI.

For all of these reasons, we affirm the district court's denial of Defendant Robinson's Section 3582(c)(2) motion. In doing so, we hold that the decision of the district court, and the explanation of that decision on the record, is consistent with our decision in Legree.

AFFIRMED

GREGORY, Circuit Judge, dissenting:

I respectfully dissent because I believe courts' general duty to explain their reasoning applies to this case, is supported by case law and statute, and enhances appellate review. The Supreme Court has reiterated courts' responsibility to explicate their decisions in the sentencing context: "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall v. United States, 552 U.S. 38, 46 (2007). Gall linked courts' responsibility to explain their logic with the duty to "consider" certain sentencing factors. 552 U.S. at 50 n.6, 52, 53.

Similarly, our Court has concluded that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis added) (citing Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Otherwise, "a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or

15

provide an adequate basis for appellate review." Carter, 564 F.3d at 329 (citing United States v. Stephens, 549 F.3d 459, 466-7 (6th Cir. 2008)).

The applicable statute in this case also requires courts to rule on sentence reductions "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The term 'consider' surely means the same thing in § 3582(c)(2) as it did in Gall, Carter, and 18 U.S.C. § 3553(a). Compare 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . .") (emphasis added), with 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider. . . ."). Notably, both provisions were originally enacted on the same day and in nearby sections of the same act. Compare 18 U.S.C. § 3582(c)(2) (added Oct. 12, 1984, P.L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 1998), with 18 U.S.C. § 3553(a) (added Oct. 12, 1984, P.L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 1989). "Undoubtedly, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning." Atlantic Cleaners & Dyers,

16

Inc. v. United States, 286 U.S. 427, 433 (U.S. 1932) (citations omitted). Here, by not providing an individualized explanation for its decision, the district court did not show that it meaningfully 'considered' the motion.

The rationale for requiring courts to explain their sentencing decisions applies similarly to § 3582(c) and § 3553(a). As we stated in Carter, explaining sentencing decisions "not only 'allow[s] for meaningful appellate review' but it also 'promote[s] the perception of fair sentencing.'" 564 F.3d at 328 (citing Gall, 128 S. Ct. at 597). This is especially true for sentence reductions made pursuant to the new crack-cocaine ratio, which was enacted to correct structural flaws in the law, rather than to inure to the benefit of any single defendant. See, e.g., Kimbrough v. United States, 552 U.S. 85, 98 (2007) ("the severe sentences required by the [prior] 100-to-1 ratio [we]re imposed 'primarily upon black offenders.'") (citations omitted). Generally, "Amendment 706 retroactively reduce[s] the base offense level for most crack-cocaine cases by two levels." United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010). In the occasional case when a court chooses not to retroactively apply the new ratio, it would be even more valuable for the court to explain why that defendant was exceptional.

17

The majority, by contrast, relies on two cases for the proposition that district courts need not explain their reasoning with any particularity in sentencing modifications. Neither is compelling. First, the majority cites United States v. Legree, for the proposition that a "court need not engage in ritualistic incantation in order to establish its consideration of a legal issue." 205 F.3d 724, 729 (4th Cir. 2000) (quoting (United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995)). But that broad holding is cabined by Gall, which requires a judge to "explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." 552 U.S. at 46. Moreover, our Court in Carter explicitly rejected just these sorts of 'ritualistic incantations.' Carter repeatedly invoked Gall, while omitting Legree, and concluded that "a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." 564 F.3d at 329 (citing United States v. Stephens, 549 F.3d 459, 466-7 (6th Cir. 2008)).

Secondly, the majority relies heavily upon Dillon because it espoused a "narrow view of [3582(c)(2)] proceedings." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). But nothing in

18

Dillon suggests we should abrogate district courts' general responsibility to provide some individualized legal reasoning. Nor does the majority cite any authority for the proposition that courts' duty to explain varies with the "scope" of a proceeding. To the contrary -- our sister circuits have continued to require legal explanations in 'narrower' proceedings which adjudicated various types of motions. See e.g., Kicklighter v. United States, 281 Fed. Appx. 926 (11th Cir. 2008) (motion to vacate, set aside, or correct a sentence); Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007) (motion to stay); United States v. Groll, 992 F.2d 755, 760 (7th Cir. 1993) (motion to withdraw plea); Eizonas, Inc. v. Dollar Sav. & Trust Co., 1993 U.S. App. LEXIS 31607 (6th Cir. 1993) (motion for sanctions).

Without at least some specific reasoning for sentencing reduction decisions, circuit courts will have to start guessing why district courts reached certain outcomes. The majority does just that here, speculating about various reasons "implicit in the district court's ruling." Slip op. at 13-14. But "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense

19

counsel or for any other clues that might explain a sentence." Carter, 564 F.3d at 329-30.

Ultimately, "[a] body of law is more rational and more civilized when every rule it contains is referred articulately and definitely to an end which it subserves and when the grounds for desiring that end are stated, or are ready to be stated, in words." Justice Oliver Wendell Holmes, Address of 1897, quoted in A Dictionary of Legal Quotations (Simon James, et al., eds., 1987). Here, the district court should have stated specific reasons for denying Appellant's motion to reduce his sentence.