GREGORY, Circuit Judge,
dissenting:
I respectfully dissent because I believe courts’ general duty to explain their reasoning applies to this case, is supported by case law and statute, and enhances appellate review. The Supreme Court has reiterated courts’ responsibility to explicate their decisions in the sentencing context: “a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.” Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Gall linked courts’ responsibility to explain their logic with the duty to “consider” *652 certain sentencing factors. 552 U.S. at 50 n. 6, 52, 53, 128 S.Ct. 586.
Similarly, our Court has concluded that “[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” United States v. Carter, 564 F.3d 325, 328 (4th Cir.2009) (emphasis added) (citing Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007)). Otherwise, “a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review.” Carter, 564 F.3d at 329 (citing United States v. Stephens, 549 F.3d 459, 466-7 (6th Cir.2008)).
The applicable statute- in this case also requires courts to rule on sentence reductions “after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2) (emphasis added). The term “consider” surely means the same thing in § 3582(c)(2) as it did in Gall, Carter, and 18 U.S.C. § 3553(a). Compare 18 U.S.C. § 3582(c)(2) (“the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) ...”) (emphasis added), with 18 U.S.C. § 3553(a) (“The court, in determining the particular sentence to be imposed, shall consider ....”). Notably, both provisions were originally enacted on the same day and in nearby sections of the same act. Compare 18 U.S.C. § 3582(c)(2) (added Oct. 12, 1984, P.L. 989-473, Title II, Ch. II, § 212(a)(2), 98 Stat.1998), with 18 U.S.C. § 3553(a) (added Oct. 12, 1984, P.L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 1989). “Undoubtedly, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning.” Atlantic Cleaners & Dyers, Inc. v. United States, 286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1932) (citations omitted). Here, by not providing an individualized explanation for its decision, the district court did not show that it meaningfully “considered” the motion.
The rationale for requiring courts to explain their sentencing decisions applies similarly to § 3582(c) and § 3553(a). As we stated in Carter, explaining sentencing decisions “not only ‘allow[s] for meaningful appellate review’ but it also ‘promotefs] the perception of fair sentencing.’ ” 564 F.3d at 328 (citing Gall, 128 S.Ct. at 597). This is especially true for sentence reductions made pursuant to the new crack-cocaine ratio, which was enacted to correct structural flaws in the law, rather than to inure to the benefit of any single defendant. See, e.g., Kimbrough v. United States, 552 U.S. 85, 98, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (“the severe sentences required by the [prior] 100-to-l ratio [we]re imposed ‘primarily upon black offenders.’ ”) (citations omitted). Generally, “Amendment 706 retroactively reduce[s] the base offense level for most crack-cocaine cases by two levels.” United States v. Fennell, 592 F.3d 506, 509 (4th Cir.2010). In the occasional case when a court chooses not to retroactively apply the new ratio, it would be even more valuable for the court to explain why that defendant was exceptional.
The majority, by contrast, relies on two cases for the proposition that district courts need not explain their reasoning with any paiticularity in sentencing modifications. Neither is compelling. First, the majority cites United States v. Legree, for the proposition that a “court need not engage in ritualistic incantation in order to *653 establish its consideration of a legal issue.” 205 F.3d 724, 729 (4th Cir.2000) (quoting United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995)). But that broad holding is cabined by Gall, which requires a judge to “explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.” 552 U.S. at 46, 128 S.Ct. 586. Moreover, our Court in Carter explicitly rejected just these sorts of “ritualistic incantations.” Carter repeatedly invoked Gall, while omitting Legree, and concluded that “a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review.” 564 F.3d at 329 (citing United States v. Stephens, 549 F.3d 459, 466-67 (6th Cir.2008)).
Secondly, the majority relies heavily upon Dillon because it espoused a “narrow view of [3582(c)(2) ] proceedings.” Dillon v. United States, — U.S. -, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). But nothing in Dillon suggests we should abrogate district courts’ general responsibility to provide some individualized legal reasoning. Nor does the majority cite any authority for the proposition that courts’ duty to explain varies with the “scope” of a proceeding. To the contrary — our sister circuits have continued to require legal explanations in “narrower” proceedings which adjudicated various types of motions. See e.g., Kicklighter v. United States, 281 Fed.Appx. 926 (11th Cir.2008) (motion to vacate, set aside, or correct a sentence); Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir.2007) (motion to stay); United States v. Groll, 992 F.2d 755, 760 (7th Cir.1993) (motion to withdraw plea); Eizonas, Inc. v. Dollar Sav. & Trust Co., 12 F.3d 212 (6th Cir.1993) (motion for sanctions).
Without at least some specific reasoning for sentencing reduction decisions, circuit courts will have to start guessing why district courts reached certain outcomes. The majority does just that here, speculating about various reasons “implicit in the district court’s ruling.” Slip op. at 651.But “an appellate court may not guess at the district court’s rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence.” Carter, 564 F.3d at 329-30.
Ultimately, “[a] body of law is more rational and more civilized when every rule it contains is referred articulately and definitely to an end which it subserves and when the grounds for desiring that end are stated, or are ready to be stated, in words.” Justice Oliver Wendell Holmes, Address of 1897, quoted in A Dictionary of Legal Quotations (Simon James, et al., eds., 1987). Here, the district court should have stated specific reasons for denying Appellant’s motion to reduce his sentence.