**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4161**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ALONZA RUFUS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:02-cr-00550-MBS-1)

Submitted:  September 7, 2023                              Decided:  October 10, 2023

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Alonza Rufus, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Alonza Rufus appeals the district court's orders denying his pro se motions, revoking his supervised release, and imposing a sentence within his policy statement range of 46 months in custody with no further supervised release, after he admitted four violations of his supervised release conditions. On appeal, Rufus has chosen to represent himself and has raised several issues. He also has several pending motions. We grant his motion to proceed pro se, deny his other pending motions, and affirm the district court's orders.

We review de novo whether the district court had jurisdiction to rule upon alleged violations of supervised release. *United States v. Thompson*, 924 F.3d 122, 127 (4th Cir. 2019). We review a district court's factual findings underlying a revocation of supervised release for clear error and its decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Cohen*, 63 F.4th 250, 254 (4th Cir. 2023). "A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). "This burden 'simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.'" *Id*. When a defendant preserves the issue, we review a district court's evidentiary decisions in a supervised release revocation proceeding for abuse of discretion. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). We review an alleged denial of due process de novo. *United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000).

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal

2

quotation marks omitted). "'We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable.'" *United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020). "First, we determine whether the sentence was procedurally or substantively unreasonable, taking 'a more deferential appellate posture than we do when reviewing original sentences.'" *United States v. Rios*, 55 F.4th 969, 973 (4th Cir. 2022). "We then determine whether any unreasonableness was 'plain,' i.e., clear or obvious." *Id*. We presume that a sentence within the policy statement range is reasonable. *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Patterson*, 957 F.3d at 436. A sentence within the policy statement range requires less explanation. *Id.* at 439. The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). Where the court has addressed a "defendant's 'central thesis'" for a lower sentence, it need not address each supporting data point. *United States v. Fowler*, 58 F.4th 142, 153-54 (4th Cir. 2023).

We first consider Rufus' arguments that the district court lacked jurisdiction in his case and find them without merit. As a general rule, a district court "is without jurisdiction to revoke a supervised release term or sanction violations once the term has expired." *Thompson*, 924 F.3d at 132. "But [18 U.S.C.] § 3583(i) sets out an exception to that rule,

3

allowing for '[d]elayed revocation' proceedings when two conditions are met:  First, a 'warrant or summons [must be] issued' before the term's expiration, and second, any delay in adjudicating that summons must be 'reasonably necessary.'"  *Id*.  Moreover, "under 18 U.S.C. § 3624(e), [there is] tolling of a supervised release term while a defendant 'is imprisoned in connection with a conviction.'"  *Id*. at 131; *see also Mont v. United States*, 139 S. Ct. 1826, 1831, 1835 (2019).  Rufus' eight-year supervised release term began on July 8, 2010; the arrest warrant on the supervised release violation petition issued on April 4, 2012, after he was convicted in Georgia for new criminal conduct; the supervised release term was tolled while he was imprisoned on the convictions; and the delay in adjudicating the warrant was "reasonably necessary."  18 U.S.C. § 3583(i).  Furthermore, as the district court explained to Rufus, it had jurisdiction over his case under 18 U.S.C. § 3231.

After reviewing the record and Rufus' arguments on appeal, we conclude that the remaining issues raised in his informal brief are also without merit.  The district court did not clearly err or abuse its discretion in finding that Rufus violated the conditions of his supervised release and revoking his supervised release, after he admitted four violations; and his sentence within the policy statement range with no further supervised release is not plainly unreasonable.  We further conclude he has not shown any due process violations or other error or abuse of discretion by the district court.

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4